# EXHIBIT 2

22STCV41103

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:** JPMORGAN CHASE BANK, N.A., a New York
*(AVISO AL DEMANDADO):* Corporation dba CHASE BANK and DOES 1
through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUPERCLINICS USA, INC., a California Corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Los Angeles Superior Court, Stanley Mosk<br>111 North Hill Street, Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso):* 22STCV41103 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: FREDRIC J. GREENBLATT
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

FREDRIC J. GREENBLATT, GREENBLATTLOVERIDGE, Attorneys at Law
15315 MAGNOLIA BLVD., STE. 328, SHERMAN OAKS, CALIFORNIA 91403          (818) 992-1188

| DATE: 01/03/2023 | Clerk, by | J. So | , Deputy |
|---|---|---|---|
| *(Fecha)* David W. Slayton, Executive Officer/Clerk of Court | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder™ |
|---|---|---|

22STCV41103

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephen Goorvitch

1 | Fredric J. Greenblatt (SBN 92672)
Lisa L. Loveridge (SBN 162807)
2 | GreenblattLoveridge
Attorneys at Law
3 | 15315 Magnolia Boulevard, Suite 328
Sherman Oaks, California 91403
4 | Phone:   (818) 992-1188
Fax:      (818) 992-7687
5 | E-Mail:  fjg@greenblattlaw.com

6 | Attorneys for Plaintiff,
SUPERCLINICS USA, INC. a California Corporation

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF LOS ANGELES**

10

11 | SUPERCLINICS USA, INC., a
California Corporation              CASE NO. 22STCV41103

12 |                                   **COMPLAINT FOR:**

13 |              Plaintiff,            (1)   **Breach of Fiduciary Duty**
                                       (2)   **Aiding and Abetting Fraud**
14 | vs.                               (3)   **Negligence**
                                       (4)   **Negligence Per Se**
15

16

17 | JPMORGAN CHASE BANK, N.A., a
New York Corporation, dba CHASE
18 | BANK and DOES 1 through 50,
Inclusive

19

20 |              Defendants.

21 |      PLAINTIFF SUPERCLINICS USA, INC., a California Corporation, allege and complain

22 | as follows:

23 | **JURISDICTION AND VENUE ALLEGATIONS**

24 |      1.    PLAINTIFF SUPERCLINICS USA, INC., a California Corporation

25 | ("SUPERCLINICS USA" or "PLAINTIFF"), is, and at all times relevant herein, was a

26 | corporation duly organized under the laws of the State of California and doing business in the

27 | County of Los Angeles, State of California.

28 | ///

---

1

COMPLAINT

2.     All, or substantial part of the occurrence, transactions, acts, and omissions giving rise to PLAINTIFF'S allegations, have occurred, and continue to occur, in Los Angeles County, California.  The transaction entered into between PLAINTIFF and DEFENDANTS occurred in Los Angeles County, State of California.  Venue, therefore, is proper in Los Angeles County, State of California.

3.     PLAINTIFF is informed and believe, and based on such information and belief, allege that DEFENDANT JPMORGAN CHASE BANK, N.A., dba CHASE BANK ("CHASE BANK"), headquartered in New York, is doing business in the State of California.  CHASE BANK does business throughout California, including in the County of Los Angeles, and has provided a business checking account and other banking services related to the subject matter of this Complaint to PLAINTIFF within the County of Los Angeles, California.  The activities and conduct of CHASE BANK are governed by the Office of the Controller of the Currency, the US Treasury Department, the Federal Reserve, and the California Department of Financial Protection and Innovation.

**GENERAL ALLEGATIONS**

4.     The true names and capacities of DEFENDANTS named herein as DOES 1 through 50, Inclusive, are unknown to PLAINTIFF, who therefore sue these DEFENDANTS by such fictitious names.  PLAINTIFF will seek leave of Court to amend this Complaint to show the true names and capacities when the same have been ascertained.  PLAINTIFF is informed and believe, and based thereon, allege that each of the DEFENDANTS, herein designated as a DOE, proximately caused the injuries and damages to PLAINTIFF as hereinafter alleged.

5.     PLAINTIFF is informed and believe, and based thereon, allege that DEFENDANTS, and each of them, were the agents and/or employees of each of the remaining DEFENDANTS, and in doing those things herein alleged, were acting within the course and scope of such agency and/or employment, each with the consent of the other.

6.     PLAINTIFF is informed and believe, and based thereon, allege that each of the fictitiously named DEFENDANT DOES 1 through 50, are responsible in some manner for the occurrences herein alleged.  PLAINTIFF will seek leave of the Court to amend this Complaint

1   to show the true names and capacities of DOES 1 through 50, when such names and capacities

2   are ascertained.

3

4           7.      In doing the acts alleged in this Complaint, DEFENDANTS, and each of them,

5   approved, authorized and ratified all the acts of its agents, and each of the other DEFENDANTS.

6           8.      This Court has jurisdiction over this matter because Defendant CHASE BANK

7   and DOES 1 though 50, conduct business in the County of Los Angeles, State of California.

8   DEFENDANT, CHASE BANK, also conducted business in the County of Los Angeles during

9   the relevant time period.

10          9.      Venue is also proper in the County of Los Angeles pursuant to Section 395(a) of

11  the Code of Civil Procedure in that each DEFENDANT conducted business, under the laws of

12  California, on a regular basis in the County of Los Angeles, State of California and the wrongful

13  conduct complained of herein committed by each DEFENDANT occurred in the County of Los

14  Angeles.

15                           **NATURE AND SUMMARY OF THE CASE**

16          10.     This action concerns the egregious misrepresentations, omissions and negligence

17  of CHASE BANK, which permitted and assisted the wrongful withdrawal of $199,000.00 from

18  the bank account of PLAINTIFF, causing PLAINTIFF damages of $199,000.00, plus interest and

19  the costs of recovering PLAINTIFF'S money.

20          11.     PLAINTIFF is informed and believes, and thereon alleges, that employees of

21  CHASE BANK, systematically assisted in the wrongful and unauthorized withdrawal of

22  SUPERCLINICS USA money.

23          12.     As a result of the conduct of CHASE BANK, and its employees, which aided and

24  abetted an unauthorized person who was able to make eleven (11) withdrawals from

25  PLAINTIFF'S bank account, without any authorization, permission or consent, of

26  SUPERCLINICS USA.

27          13.     PLAINTIFF seeks the return of its funds which were entrusted to CHASE BANK

28  and its costs and expenses in recovering the money, including attorney fees and costs.

## FACTS

14.   On or about April 1, 2022, SUPERCLINICS USA, opened at a branch of CHASE BANK, a Platinum Business Checking Account: Account No. .... 6216.

15.   The authorized signatories on the account were Mitchell Rubin and Cuong Do, only.

16.   At no time was Jason Liu an authorized signatory of Platinum Business Checking Account No. .... 6216.

17.   On April 7, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $20,000.00 and $9,000.00 from SUPERCLINICS USA'S Account.

18.   On April 12, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $11,000.00 from SUPERCLINICS USA'S Account.

19.   On April 13, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $30,000.00 from SUPERCLINICS USA'S Account.

20.   On April 15, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $10,000.00 from SUPERCLINICS USA'S Account.

21.   On April 18, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $20,000.00 from SUPERCLINICS USA'S Account.

22.   On April 19, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $20,000.00 and $30,000.00 from SUPERCLINICS USA'S Account.

23.   On May 5, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $25,000.00 from SUPERCLINICS USA'S Account.

24.   On May 6, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $15,000.00 from SUPERCLINICS USA'S Account.

25.   On May 9, 2022, CHASE BANK, without authorization, permission or consent, permitted Jason Liu to withdraw $9,000.00 from SUPERCLINICS USA'S Account.

///

26.   True and correct copies of the WITHDRAWAL slips with SUPERCLINICS USA, Account Number and containing a signature which is <u>NOT</u> an authorized signature for Platinum Business Account No. .... 6216 are attached hereto as Exhibit "1". CHASE BANK permitted money to be withdrawn from PLAINTIFF'S account without authorization, permission or consent of PLAINTIFF.

27.   Attached hereto as Exhibit "2", are true and correct copies of WITHDRAWAL slips, with no signature, that CHASE BANK permitted money to be withdrawn from PLAINTIFF'S account without authorization, permission or consent of PLAINTIFF.

28.   PLAINTIFF had no reason to check or review its bank statements and had no knowledge that the $199,000.00 had been withdrawn from the account.

29.   There is no authorization or circumstance that would permit CHASE BANK to allow someone, who is not a signatory on a particular account, to withdraw funds, without permission, authorization or consent.

30.   If this were a permissible way to do business, any customer of CHASE BANK could withdraw or transfer funds from another customer's account and then withdraw those funds without authorization or consent of the proper owner of the funds and/or the account.

31.   When Mitchell Rubin, the president of SUPERCLINICS USA, discovered the loss of funds, he immediately contacted CHASE BANK, and had multiple discussions with personnel of CHASE BANK, who were bewildered and dumbfounded by the ability of Jason Liu to steal, via eleven (11) withdrawals , (some unsigned), $199,000.00 from the SUPERCLINICS USA account.

32.   Although PLAINTIFF does not expect CHASE BANK to be the police, PLAINTIFF does expect CHASE BANK to follow their own policies and procedures.  There is no policy or procedure that would permit an unauthorized person to withdraw or transfer funds from an account in which it had no interest or right.  In fact, the policy of CHASE BANK is to require only authorized signatories, to be permitted to withdraw money from an account.

33.   These banking services provided by CHASE BANK included, but were not limited to, holding money in a particular bank account for the benefit of the Account Holder and

1  releasing funds on deposit with the requisite authorization by the account holder and/or

2  authorized signatories.

3      34.    CHASE BANK associates should be able to recognize red flags and report

4  potentially suspicious or unusual activities; as well as make reasonable efforts to determine the

5  identities of all customers; and follow the "Know Your Customer" procedures.

6      35.    Despite red flags which were raised with respect to the conduct of Jason Liu,

7  CHASE BANK, by and through its agents and/or employees, continued to provide services to

8  Jason Liu, which facilitated the theft of PLAINTIFF'S funds perpetrated by Jason Liu.

9      36.    The CHASE BANK account at issue and the transactions at issue were, such that

10  CHASE BANK knew of, or willfully disregarded the nature of the transactions which comprise

11  the scheme to defraud SUPERCLINICS USA.  This knowledge and/or willful disregard were

12  performed by several CHASE BANK employees who ignored repeated red flags.  An

13  investigation would have led to the discovery of the Jason Liu's theft.  Instead, CHASE BANK

14  preferred to enjoy the banking relationship with Jason Liu and to assist in facilitating the theft of

15  SUPERCLINICS USA'S money.

16      37.    Jason Liu's activities violated CHASE BANK's own internal policies and

17  procedures, and CHASE BANK did not take any actions to investigate the suspicious activities in

18  a timely manner and/or turned a blind eye entirely to such activities.

19      38.    CHASE BANK and its employees aided and abetted Jason Liu, by repeatedly

20  providing Jason Liu with banking services despite numerous and ongoing red flags, which

21  reasonably should have put them on notice of wrongful activities.  CHASE BANK and its

22  employees repeatedly and willfully disregarded their own guidelines, allowing transactions to

23  occur which should have been investigated and reported as suspicious activity.

24      39.    CHASE BANK aided and abetted the common scheme of deception perpetrated

25  by Jason Liu, in acting and failing to act, in the manner described herein.

26      40.    Had CHASE BANK not participated in and/or willfully disregarded Jason Liu's

27  wrongful activity – and instead investigated such activities – the losses to SUPERCLINICS USA,

28  would not have occurred, or they would not occurred to such a large magnitude.  Instead of

1    investigating and reporting Jason Liu's suspicious activities as required, CHASE BANK

2    continued to provide banking services to Jason Liu, legitimizing the transactions and permitting

3    him to defraud SUPERCLINICS USA.  With knowledge and/or willful disregard of the activities

4    of Jason Liu, CHASE BANK continued to provide Jason Liu with banking services, falsified

5    documents, and failed to follow procedures designed to detect wrongful activities, thereby

6    facilitating the execution of Jason Liu's fraud through the actions alleged herein.

7    ### FIRST CAUSE OF ACTION

8    **(For Breach of Fiduciary Duty Against Defendant CHASE BANK and DOES 1 to 5)**

9         41.    PLAINTIFF re-alleges and incorporates herein by reference paragraphs 1 to 40

10   of this Complaint, as though fully set forth hereat.

11        42     PLAINTIFF is informed and believes, and on that basis alleges, that Mitchell

12   Rubin, on behalf of SUPERCLINICS USA, entered into a written account agreement with

13   CHASE BANK and entrusted it with a deposit of its funds in the amount of $200,000.00.

14   DEFENDANTS, and each of them, accepted the deposits and the entrustment of funds and

15   agreed to protect SUPERCLINICS USA'S rights and interests in the funds.  By accepting said

16   funds, CHASE BANK was a fiduciary of SUPERCLINICS USA and owed SUPERCLINICS

17   USA fiduciary duties, including, but not limited to, the duty to protect SUPERCLINICS USA'S

18   funds and not permit unauthorized withdrawals, or withdrawals by persons who have no right to

19   make withdrawals on SUPERCLINICS USA'S account.

20        43.    DEFENDANTS and each of them, had duty to SUPERCLINICS USA to protect it

21   against the unauthorized use and withdrawal of its funds entrusted to CHASE BANK and

22   deposited in the respective account alleged above.  CHASE BANK, further had a duty to take

23   reasonable steps to prevent the unauthorized use and withdrawal of SUPERCLINICS USA'S

24   funds and not to assist in such unauthorized use and withdrawal of the entrusted funds.

25        44.    PLAINTIFF is informed and believes and on that basis alleges, that

26   DEFENDANTS, and each of them, breached their fiduciary duties to SUPERCLINICS USA by

27   failing to protect against the unauthorized use and withdrawal of funds entrusted to them in the

28   account alleged above and by assisting in such unauthorized use and withdrawal.

45.   PLAINTIFF is informed and believes and on that basis, alleges that there were numerous instances of unauthorized use and withdrawals of funds from the account alleged above. SUPERCLINICS USA reposed complete trust and confidence in DEFENDANTS while its funds were entrusted to them and was unaware of the unauthorized use and withdrawals or breaches of DEFENDANT's fiduciary duties.

46.   As a result of DEFENDANT'S breaches of their fiduciary duties to SUPERCLINICS USA and the unauthorized use and withdrawals of funds, the account has been diminished in an amount of $199,000.00, pending further discovery and to be determined at the time of trial.

47.   PLAINTIFF is informed and believes and on that basis alleges that the despicable conduct by DEFENDANTS as alleged herein was carried on by DEFENDANTS with a willful and conscious disregard of SUPERCLINICS USA'S rights regarding the status of it accounts and use and withdrawal of its funds by unauthorized persons. In addition to actual damages, PLAINTIFF therefore seeks to recover damages for the sake of example and by way of punishing DEFENDANTS, and each of them. PLAINTIFF is further informed and believes, and on that basis, alleges that the acts, conduct and recklessness of DEFENDANTS herein alleged constitutes breach of fiduciary duty, and therefore, PLAINTIFF seeks damages for its loss of funds, including, without limitation, reasonable attorney fees and costs.

## SECOND CAUSE OF ACTION

**(For Aiding and Abetting Fraud Against Defendant CHASE BANK and DOES 1 to 5)**

48.   PLAINTIFF re-alleges and incorporates herein by reference paragraphs 1 to 47 of this Complaint, as though fully set forth hereat.

49.   Jason Liu knew that he had no right to withdraw any funds from SUPERCLINICS USA'S account and that he was not a signatory of Account No. .... 6216. Furthermore, Jason Liu knew that he did not have permission, authorization, or consent to withdraw any money from SUPERCLINICS USA'S account.

///

///

50. PLAINTIFF justifiably relied on the representations of CHASE BANK that its funds, when entrusted to CHASE BANK, would be safe and not subject to unauthorized withdrawals or theft.

51. CHASE BANK knew of and/or willfully disregarded the actions of Jason Liu and Jason Liu's fraud. In addition to the actual knowledge of Jason Liu's fraud, CHASE BANK permitted withdrawals from SUPERCLINICS USA'S account without any signature. (See Exhibit 2) PLAINTIFF is informed and believes, and thereon alleges that, CHASE BANK continued to profit from its banking relationship with Jason Liu.

52. CHASE BANK actively and substantially assisted Jason Liu in this fraud by, among other things, (1) continuing to permit Jason Liu to make withdrawals from SUPERCLINICS USA'S account without any authorization or permission; (2) permitting Jason Liu to make withdrawals using Withdrawal Slips without signatures, to withdraw funds from SUPERCLINICS USA'S account; (3) never verifying that Jason Liu was a signatory on said account, (which he was not); (4) not investigating Jason Liu's activities, despite his engaging in suspicious activity, regarding the eleven (11) withdraws from SUPERCLINICS USA'S account; (5) ignoring numerous red flags that were apparent from the nature of Jason Liu's banking transactions and that it was required to review and investigate under existing banking rules and regulations.

53. By its actions in participating in the fraudulent scheme perpetrated by Jason Liu, as alleged above, CHASE BANK knew of Jason Liu's fraud and provided substantial assistance in the execution of such fraud.

54. As a approximate result of DEFENDANTS' conduct, PLAINTIFF suffered damages in an amount to be proven at trial, but includes, but is not limited, to the loss of $199,000.00, interest and attorney fees and costs. DEFENDANT'S conduct was a substantial factor in causing SUPERCLINICS USA'S damages.

55. Moreover, DEFENDANTS' actions were malicious, fraudulent, oppressive, and intended to injure the PLAINTIFF. Consequently, PLAINTIFF is entitled to punitive damages.

///

### THIRD CAUSE OF ACTION

#### (For Negligence Against Defendant CHASE BANK and DOES 1 to 5)

56.     PLAINTIFF re-alleges and incorporates herein by reference paragraphs 1 to 55 of this Complaint, as though fully set forth hereat.

57.     CHASE BANK owed PLAINTIFF a duty to act with reasonable care and to exercise the ordinary skill and ability commonly exercised by financial institutions similar to CHASE BANK.

58.     At all times, said PLAINTIFF relied on CHASE BANK to utilize its skills and abilities as a commercial bank, to follow its policies and procedures, to verify any withdrawals, and to review and document, as well as monitor, the accounts of its customers, including those of PLAINTIFF and to verify the ability of a person to withdraw funds from a particular account.

59.     As a direct and proximate result of the negligence of CHASE BANK, PLAINTIFF has suffered substantial damages, the exact amount of which will be proven at trial, but at least $199,000.00, as well as loss of interest and attorney fees and costs.

### FOURTH CAUSE OF ACTION

#### (For Negligence Per Se Against Defendant CHASE BANK and DOES 1 to 5)

60.     PLAINTIFF re-alleges and incorporates herein by reference paragraphs 1 to 59 of this Complaint, as though fully set forth hereat.

61.     CHASE BANK owed a duty to PLAINTIFF to act reasonably to: (a) safeguard its money; (b) protect it from fraudulent access by unauthorized third parties to the funds in its Accounts, including by timely and accurately warning them of suspicious activity in those Accounts; were entitled; (c) ensure that the CHASE BANK's customer service staffing levels, technology, and operations were capable of proving PLAINTIFF reasonably timely and effective customer service, including to address those customers' concerns about fraudulent or unauthorized transactions regarding PLAINTIFF'S Account; (d) provide PLAINTIFF reasonable and adequate notice that its Account is at risk of being subject to unauthorized use or had been subjected to unauthorized use; (e) timely and adequate investigate and resolve PLAINTIFF'S claims regarding unauthorized or fraudulent transactions; and (f) extend to PLAINTIFF

1  provisional credit in a case where CHASE BANK failed to timely resolve their fraud-related

2  claims.

3      62.    CHASE BANK breached its duty to PLAINTIFF by, among other things:

4  (a) failed to protect the money in its Account and maintain said funds in a secure manner; (b)

5  failed to protect PLAINTIFF from fraudulent access by unauthorized third parties to the funds in

6  its Account, including by providing timely and accurate warnings of suspicious activity; (c)

7  failing to ensure its customer service operations was capable of providing reasonably timely and

8  effective assistance to PLAINTIFF, including when it was a victim of fraudulent or unauthorized

9  transactions; (d) failing to give reasonable and adequate notice to PLAINTIFF that its account

10  remain at risk of being vulnerable to fraudulent and unauthorized transactions.

11      63.    CHASE BANK'S misconduct concerning its failure to safeguard

12  SUPERCLINICS USA'S funds is inconsistent with industry standards, which prescribe and

13  verify persons, authorized to make withdrawals.

14      64.    CHASE BANK'S misconduct concerning its failure to adequately protect

15  PLAINTIFF, is inconsistent with its obligation under the rules and regulations, of the Office of

16  the Controller of the Currency, the US Treasury Department, and the Federal Reserve, and the

17  California Department of Financial Protection and Innovation, and customary industry practices,

18  as well as its own policies and procedures.  PLAINTIFF is within the class that each of the

19  aforementioned statutes are designed to protect, and CHASE BANK caused the precise harm to

20  SUPERCLINICS USA that each statute was designed to prevent.

21      65.    CHASE BANK'S failure to comply with  rules and regulations, of the Office of

22  the Controller of the Currency, the US Treasury Department, and the Federal Reserve, the

23  California Department of Financial Protection and Innovation, constitutes negligence per se.

24      66.    The harms inflicted upon PLAINTIFF, were reasonably foreseeable because

25  CHASE BANK was and is well aware of the security risk associated with withdrawals from

26  accounts, and knew, or should have known, that its customer service resources and/or procedures

27  were insufficient to consider, evaluate, and appropriately resolved issues stemming from the

28  sharp rise in financial fraud, which would foreseeably lead to an increase demand for customer

1  service by PLAINTIFF for all purposes, including for the purpose of reporting and attempting to

2  resolve claims of fraudulent or unauthorized transactions, and avoiding unauthorized

3  transactions.

4       67.     As a direct and proximate result of CHASE BANK'S misconduct, PLAINTIFF

5  has been deprived of its funds and has failed to receive accrued interest thereon, as well as

6  incurring attorney fees and costs.

7  **PRAYER**

8       **WHEREFORE**, PLAINTIFF SUPERCLINICS USA, INC. a California Corporation,

9  prays for judgment against DEFENDANTS, and each of them, as follows:

10      1.     For general and special damages in an amount according to proof;

11      2.     For punitive and exemplary damages in an amount sufficient to punish

12  DEFENDANTS and make an example of DEFENDANTS, such as to deter them from engaging

13  in similar conduct in the future;

14      3.     For restitution of all money's wrongfully removed from PLAINTIFF'S Account;

15      4.     For attorneys' fees and all costs of suit incurred herein;

16      5.     For prejudgment interest; and

17      6.     For such other and further relief as the court may deem just, proper and

18  appropriate.

19  **JURY DEMAND**

20       PLAINTIFF respectfully demands a trial by jury on all claims so triable.

21

22  DATED: December 30, 2022          Respectfully submitted;

23                     GreenblattLoveridge

24                     Attorneys at Law

25

26

27                     FREDRIC J. GREENBLATT
                   Attorneys for PLAINTIFF, SUPERCLINICS
                   USA, INC. a California Corporation

28

12
**COMPLAINT**

**EXHIBIT 1**

# CHASE for BUSINESS

**$20,000.00**
Total

Apr 7, 2022
Post date

**CHASE O**    **WITHDRAWAL/RETIRO**

CHECKING/CHEQUES ☑
SAVINGS/AHORROS ☐
CHASE LIQUID ☐

Today's Date/Fecha    Customer Name (Please Print)/Nombre del cliente (en letra de molde)    R/T 500001017

4/7/22    Jason Lu

If Purchasing a Cashier's Check Provide Payee Name/Si desea comprar un cheque de caja, escriba el nombre del beneficiario aquí

Customer Signature/Firma del cliente

(X)

Start your account number here!
▼ Empiece su número de cuenta aquí    AMOUNT/CANTIDAD

782656216    TOTAL $    20,000.00

⑆057531114⑆ ⑈500001017⑈

**WITHDRAWAL/RETIRO**

JPMorgan Chase Bank, N.A. Member FDIC    ©2022 JPMorgan Chase & Co.    Equal Opportunity Lender

# CHASE for BUSINESS

## $9,000.00
Total

Apr 7, 2022
Post date



**CHASE O**     **WITHDRAWAL/RETIRO**

CHECKING/CHEQUES ☑
SAVINGS/AHORROS ☐
CHASE LIQUID ☐

**WITHDRAWAL/RETIRO**

Today's Date/Fecha   Customer Name (Please Print)/Nombre del cliente (en letra de molde)    R/T 500001617

4/7/22    Jason Lu

If Purchasing a Cashier's Check Provide Payee Name/Si desea comprar un cheque de caja, escriba el nombre del beneficiario aquí

Customer Signature/Firma del cliente
(X)

Start your account number here /
▼ Empiece su número de cuenta aquí

782654216    TOTAL $     AMOUNT/CANTIDAD   9000.00

⑆057506136⑆ ⑈500001017⑈

JPMorgan Chase Bank, N.A. Member FDIC     ©2022 JPMorgan Chase & Co.     Equal Opportunity Lender

# CHASE for BUSINESS

**$30,000.00**
Total

Apr 13, 2022
Post date



**CHASE ○**   **WITHDRAWAL/RETIRO**

CHECKING/CHEQUES ☑
SAVINGS/AHORROS ☐
CHASE LIQUID ☐

R/T 500001017

4/13/22   Customer Name *(Please Print)*/Nombre del cliente *(en letra de molde)*   SuperClinics

If Purchasing a Cashier's Check Provide Payee Name/Si desea comprar un cheque de caja, escriba el nombre del beneficiario aquí

Customer Signature/Firma del cliente

X

Start your account number here/
▼ Empiece su número de cuenta aquí

7826542|6   TOTAL $   30,000.—

⑆057506 1438⑆ ⑈500001017⑈

---

JPMorgan Chase Bank, N.A. Member FDIC.          ©2022 JPMorgan Chase & Co.                    Equal Opportunity Lender

# CHASE for BUSINESS

## $10,000.00
**Total**

Apr 15, 2022
Post date

---

CHASE ⬡  **WITHDRAWAL**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001017

WITHDRAWAL

4/15/22   Customer Name (Please Print)  SUPER ACTING

If Purchasing a Cashier's Check Provide Payee Name

Customer Signature
X

▼ Start your account number here

7826056216   TOTAL $   10000.00

⑈0863218634⑈ ⑆500001017⑆

---

JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.          Equal Opportunity Lender

# CHASE for BUSINESS

**$20,000.00**
Total

Apr 18, 2022
Post date

**CHASE** ○ **WITHDRAWAL**

CHECKING ☐
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001017

Today's Date          Customer Name (Please Print)

Jason Liu

If Purchasing a Cashier's Check Provide Payee Name

N130R1-OH (Rev 14/14)   10146013   09/15

Customer Signature

**WITHDRAWAL**

▼ Start your account number here

7b2656218

TOTAL $   20000.00

AMOUNT

⑆0798201610⑆ ⑆5000010171⑆

JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.          Equal Opportunity Lender

# CHASE *for* BUSINESS

## $25,000.00
**Total**

May 5, 2022
Post date



JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.                    Equal Opportunity Lender

# CHASE for BUSINESS

## $15,000.00
**Total**

May 6, 2022
Post date



**CHASE ○**    **WITHDRAWAL**

CHECKING ☑
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001017

Today's Date  5/6/22

Customer Name (Please Print)  SUPER CHOICE USA, INC, A CALI
If Purchasing a Cashier's Check Provide Payee Name

Customer Signature
X

▼ Start your account number here
782656216

TOTAL $   15000.00

⑈085897168 2⑈ ⑆500001017⑆

JPMorgan Chase Bank, N.A. Member FDIC        ©2022 JPMorgan Chase & Co.        Equal Opportunity Lender

# CHASE for BUSINESS

**$9,000.00**
Total

May 9, 2022
Post date



CHASE ○                    **WITHDRAWAL**

CHECKING ☑
SAVINGS ☐
CHASE LIQUID ☐

R/T 500001017

Today's Date
5/9/22

Customer Name *(Please Print)*

If Purchasing a Cashier's Check Provide Payee Name

Customer Signature
X

▼ Start your account number here

7 8 2 6 5 6 2 1 6

TOTAL $

AMOUNT

$9,000.00

⑆085912216⑆ ⑈500001017⑉

JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.          Equal Opportunity Lender

**EXHIBIT 2**

# CHASE for BUSINESS

**$30,000.00**      Apr 19, 2022
Total                Post date



CHASE ○                    **WITHDRAWAL/RETIRO**

CHECKING/CHEQUES ☑
SAVINGS/AHORROS ☐
CHASE LIQUID ☐

R/T 500001017

Today's Date/Fecha    Customer Name (Please Print)/Nombre del cliente (en letra de molde)

4/19/22    Jason Lu

If Purchasing a Cashier's Check Provide Payee Name/Si desea comprar un cheque de caja, escriba el nombre del beneficiario aquí

Customer Signature/Firma del cliente
X

Start your account number here/
Empiece su número de cuenta aquí

782656216        — TOTAL $    30,000.00

⑈058980054⑈ ⑆500001017⑆

AMOUNT/CANTIDAD

JPMorgan Chase Bank, N.A. Member FDIC        ©2022 JPMorgan Chase & Co.        Equal Opportunity Lender

# CHASE for BUSINESS

## $20,000.00

Apr 19, 2022
Post date

**Total**

---

**CHASE O**

### WITHDRAWAL/RETIRO

CHECKING/CHEQUES ☑
SAVINGS/AHORROS ☐
CHASE LIQUID ☐

Today's Date/Fecha    Customer Name (Please Print)/Nombre del cliente (en letra de molde)    R/T 500001017

4/19/22    Jason Liu

If Purchasing a Cashier's Check Provide Payee Name/Si desea comprar un cheque de caja, escriba el nombre del beneficiario aqui

Customer Signature/Firma del cliente

X

Start your account number here/
T/ Emplece su número de cuenta aqui

782656216

TOTAL $    24,000.00

AMOUNT/CANTIDAD

⑆0589800544⑈ ⑆50000101⑈

---

JPMorgan Chase Bank, N.A. Member FDIC          ©2022 JPMorgan Chase & Co.          Equal Opportunity Lender