O

# United States District Court
# Central District of California

| | |
|---|---|
| SUPERCLINICS USA, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>  Defendants. | Case № 2:23-cv-00699-ODW (MAAx)<br><br>**ORDER GRANTING**<br><br>**MOTION TO DISMISS [10]** |

## I.   INTRODUCTION

Plaintiff Superclinics USA, Inc. initiated this action against Defendant JPMorgan Chase Bank, N.A. ("Chase") in Los Angeles County Superior Court, alleging claims based in fraud and negligence.  (*See* Notice Removal ("Notice") Ex. 2 ("Compl."), ECF No. 1-2.)  Chase removed the action to this Court and now moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("Rules" or "Rule") 12(b)(6) and 9(b).  (Mot. Dismiss ("Mot." or "Motion") 2–4, ECF No. 10.)  For the following reasons, the Court **GRANTS** Chase's Motion **WITH LEAVE TO AMEND**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

In April 2022, Superclinics opened a Platinum Business Checking Account ("Account") at a Chase branch and deposited $200,000. (Compl. ¶¶ 14, 42.) Superclinics authorized two signatories on the Account: Mitchell Rubin and Cuong Do. (*Id.* ¶ 15.) Sometime after May 9, 2022, Rubin noticed funds missing from the Account. (*Id.* ¶¶ 25, 31.) When he contacted Chase, he discovered that an unauthorized signatory named Jason Liu had made eleven separate transactions and withdrawn $199,000 from the Account. (*Id.* ¶ 31.)

According to Superclinics, Chase failed "to determine the identities of all customers" in contravention of Chase's "Know Your Customer" procedures, and that "[d]espite red flags" raised by Jason Liu's transactions, Chase continued to honor the fraudulent withdrawals, thereby "facilitat[ing] the theft of [Superclinics's] funds." (*Id.* ¶¶ 34–35.) Based on these allegations, Superclinics initiated this action against Chase in state court, alleging causes of action for: (1) breach of fiduciary duty; (2) aiding and abetting fraud; (3) negligence; and (4) negligence per se. (*See id.* ¶¶ 41–67.)

Chase removed this action from state court and now moves to dismiss Superclinics's Complaint. (*See generally* Mot.) The Motion is fully briefed. (Opp'n, ECF No. 12; Reply, ECF No. 17.)[2]

## III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To

---

[2] Both parties request that the Court take judicial notice of several documents. Chase requests judicial notice of Chase's Deposit Account Agreement effective on the date Superclinics alleges it opened the Account. (Def.'s Req. Judicial Notice Ex. 1, ECF No. 11-1.) Superclinics requests judicial notice of Chase's "Business Account Add Signers Form," a Welcome Email to Rubin from Chase, and Liu's Withdrawal Slips. (Pl.'s Req. Judicial Notice Exs. A–C, ECF Nos. 16-1 to 16-3.) The Court **DENIES** the requests for judicial notice, as the documents are unnecessary to the Court's disposition of the Motion. As such, the Court **DENIES** the parties' objections to the requests as moot. (Pl.'s Obj., ECF No. 15; Def.'s Obj., ECF No. 19.)

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. On a Rule 12(b)(6) motion to dismiss, a court is generally limited to the complaint, matters properly subject to judicial notice, and material incorporated by reference into the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). It must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Id.* However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

Chase argues that Superclinics fails to sufficiently allege each of its four causes of action. (Mot. 6–11.) The Court considers each argument in turn.

### A. Breach of Fiduciary Duty

Chase first moves to dismiss Superclinics's cause of action for breach of fiduciary duty. (Mot. 6–7.) Chase argues that this cause of action should be dismissed because Superclinics alleges nothing more than an ordinary contractual bank-depositor relationship, which is not a fiduciary relationship. (*Id.*)

Under California law, "to plead a cause of action for breach of fiduciary duty, there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach." *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). Absent any one of these elements, a cause of action for breach of fiduciary duty will fail. *Id.*

Here, Superclinics fails to establish the first element, the existence of a fiduciary relationship. Superclinics alleges that it "entered into a written account agreement with [Chase] and entrusted it with a deposit of" $200,000. (Compl. ¶ 42.) Based on this fact, Superclinics concludes that, "[b]y accepting said funds, [Chase] was a fiduciary of [Superclinics] and owed [Superclinics] fiduciary duties." (*Id.*) But the relationship Superclinics describes is that between a bank and its depositor, which "is not fiduciary in character but, rather, 'founded on contract.'" *Kurtz-Ahlers, LLC v. Bank of Am., N.A.*, 48 Cal. App. 5th 952, 956 (2020) (quoting *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 537 (1998) ("[B]anks 'are not fiduciaries for their depositors.'")). Thus, Superclinics's deposit of funds in the Account does not establish the existence of a fiduciary relationship between Chase and Superclinics.

Nevertheless, Superclinics argues that there are exceptions to this general rule and "[a] bank can be a fiduciary to a customer if it is also acting as something other than a bank in its relationship to the client." (Opp'n 6.) Superclinics finds support for this contention in *Brown v. Wells Fargo Bank, N.A.*, 168 Cal. App. 4th 938 (2008).

(*Id.*)  The court in *Brown* found the defendant-bank had a fiduciary obligation to the plaintiffs because "[the bank] knowingly induced the elderly and increasingly frail couple to rely on [the bank] to handle their financial affairs, thus creating a fiduciary relationship."  *Brown*, 168 Cal. App. 4th at 960–61.  Thus, by acting as a financial advisor in its dealings with the plaintiff-depositors, the bank in *Brown* acted as more than a bank and undertook fiduciary obligations.

Superclinics argues the "added and additional Benefits" Chase offered with Platinum Business Account "enhance[s] the relationship" and elevates Chase to the level of a fiduciary, similar to the bank in *Brown*.  (Opp'n 6–7.)  However, Superclinics does not allege "added and additional Benefits."  Rather, Superclinics alleges the "banking services provided by [Chase] included, but were not limited to, holding money in a particular bank account for the benefit of the Account Holder and releasing funds on deposit with the requisite authorization."  (Compl. ¶ 33.)  Superclinics alleges it "entrusted [Chase] with a deposit of its funds" and Chase "accepted the deposits and the entrustment of funds and agreed to protect [Superclinics's] rights and interests in the funds."  (*Id.* ¶ 42.)  These "Benefits" are characteristic of a contractual bank-depositor relationship, a far cry from the induced financial reliance on which the court in *Brown* rested its holding.  Here, Superclinics alleges no facts that elevate its relationship with Chase beyond a garden variety bank-depositor relationship, which the Ninth Circuit has expressly stated "is not a fiduciary relationship."  *Edmark Auto, Inc. v. Zurich Am. Ins. Co.*, No. 21-35231, 2022 WL 822121, at *2 (9th Cir. Mar. 17, 2022).  Thus, Superclinics fails to show that Chase was acting as anything "other than a bank," (Opp'n 6), and consequently fails to establish a fiduciary relationship.

Superclinics fails to meet its burden to plead anything more than a garden variety bank-depositor relationship, which is not fiduciary in nature.  As such, Superclinics fails to state a cause of action for breach of fiduciary duty, and the Court dismisses this cause of action.  As the Court cannot find at this early stage that any

amendment would be futile, dismissal of this cause of action is with leave to amend. See *Manzarek*, 519 F.3d at 1031.

## B. Aiding and Abetting Fraud

Chase next moves to dismiss Superclinics's second cause of action for aiding and abetting fraud. (Mot. 7–8.) Chase argues that Superclinics fails to plead facts sufficient to establish Chase had actual knowledge of the underlying fraud. (*Id.*)

"In California, a claim for aiding and abetting a tort requires two things: knowledge of the underlying tort, and substantial assistance in its commission." *Chance World Trading E.C. v. Heritage Bank of Com.*, 438 F. Supp. 2d 1081, 1084 (N.D. Cal. 2005). "Fraud is an intentional tort." *City & County of San Francisco v. Philip Morris, Inc.*, 957 F. Supp. 1130, 1141 (N.D. Cal. 1997) (emphasis omitted). To establish that a defendant aided and abetted fraud, a plaintiff must sufficiently allege that the defendant "reach[ed] a conscious decision to participate in [fraudulent] activity for the purpose of assisting another in performing a wrongful act." See *Howard v. Superior Ct.*, 2 Cal. App. 4th 745, 749 (1992). Thus, "[k]nowledge is the crucial element." *Casey v. U.S. Bank Nat'l Ass'n*, 127 Cal. App. 4th 1138, 1145 (2005). As a claim sounding in fraud, Superclinics's second cause of action is additionally subject to the heightened pleading standard of Rule 9(b), which requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake."

Superclinics alleges that Chase "knew of and/or willfully disregarded the actions of Jason Liu and Jason Liu's fraud." (Compl. ¶ 51.) Superclinics further alleges that Chase "actively and substantially assisted Jason Liu" in his fraud by "ignoring numerous red flags," "not investigating Jason Liu's activities," and "continuing to permit Jason Liu to make withdrawals . . . without any authorization or permission." (*Id.* ¶ 52.) Although "[k]nowledge is the crucial element" in an aiding and abetting claim, *Casey*, 127 Cal. App. 4th at 1145, Superclinics alleges only that Chase failed to investigate, permitted withdrawals, and ignored red flags. These allegations do not establish Chase's knowledge of Liu's fraudulent conduct.

Superclinics seemingly concedes that it must allege something more than suspicious activity, (Opp'n 8), because "suspicion and surmise do not constitute actual knowledge," *Casey*, 127 Cal. App. 4th at 1147 (quoting *In re Sharp Int'l Corp.*, 281 B.R. 506, 515 (Bankr. E.D.N.Y. 2002)). Superclinics argues that its allegations that Chase was aware of numerous red flags from Liu's eleven unauthorized withdrawals go beyond "knowledge of suspicious activity" to satisfy the actual knowledge element of aiding and abetting fraud. (Opp'n 8.) Not so; even suspicions about eleven transactions are still only suspicions, and no reasonable inference can be made to transform these alleged suspicions into Chase's actual knowledge. Without sufficiently alleging such actual knowledge, Superclinics cannot establish that Chase made "a conscious decision to participate" in the fraud for the purpose of assisting Liu. *See Howard*, 2 Cal. App. 4th at 749.

Superclinics fails to sufficiently allege that Chase had actual knowledge of Liu's fraudulent conduct, and therefore this cause of action fails. As it fails under the plausibility standard of Rule 12(b)(6), the cause of action also necessarily fails under the heightened particularity standard of Rule 9(b). Accordingly, the Court dismisses Superclinics's aiding and abetting cause of action with leave to amend.

**C. Negligence**

Chase next seeks to dismiss Superclinics's third cause of action for negligence. (Mot. 8–10.) Chase argues that this cause of action is barred by the economic loss doctrine because Superclinics's alleged loss is purely economic and contractual. (*Id.*)

To state a claim for the tort of negligence, a plaintiff must allege (1) a duty of care; (2) a breach of that duty; (3) causation; and (4) damages. *John B. v. Superior Ct.*, 38 Cal. 4th 1177, 1188 (2006). "[P]urely economic losses that may be recovered in a contract action" will not satisfy the damages element of a negligence claim; a plaintiff must show "injury to person or property." *S.F. Unified Sch. Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 (1995). While not every tort claim for economic losses is barred by the economic loss doctrine, "such claims are barred

when they arise from—or are not independent of—the parties' underlying contracts." *Sheen v. Wells Fargo Bank, N.A.*, 12 Cal. 5th 905, 923 (2022).

Here, Superclinics alleges that it "entered into a written account agreement with [Chase]," entrusting Chase with Superclinics's funds deposited into the Account. (Compl. ¶ 42.) Therefore, Superclinics's relationship with Chase arises from a contract. Superclinics seeks monetary damages with this cause of action: the lost funds it entrusted to Chase, "$199,000.00, plus interest and the costs of recovering [Superclinics's] money." (Compl. ¶¶ 10, 59.) These alleged damages are purely economic and arise from Superclinics's bank-depositor contract with Chase. Superclinics alleges no tort damages such as "injury to person or property." *See S.F. Unified Sch. Dist.*, 37 Cal. App. 4th at 1327.

Moreover, Superclinics alleges in conclusory fashion that "[Chase] owed [Superclinics] a duty to act with reasonable care and to exercise the ordinary skill and ability commonly exercised by financial institutions similar to [Chase]." (Compl. ¶ 57.) While a bank has "a duty to act with reasonable care in its transactions with its depositors . . . [t]he duty is an implied term in the contract between the bank and its depositor." *Chazen*, 61 Cal. App. 4th at 543 (citation omitted). Thus, Superclinics's alleged harm arises from the duties implied in the contract between the parties, not an independent duty of reasonable care. Consequently, the economic loss doctrine bars Superclinics's negligence cause of action for this reason as well.[3] *See Sheen*, 12 Cal. 5th as 923 ("[S]uch claims are barred when they arise from—or are not independent of—the parties' underlying contracts.").

Accordingly, the Court dismisses Superclinics's negligence cause of action. No allegations consistent with the current pleading could cure Superclinics's negligence cause of action, but Superclinics requests leave to amend to assert a breach of contract

---

[3] Superclinics also argues that the economic loss rule does not bar its negligence cause of action because Superclinics did not also bring a breach of contract cause of action. (Opp'n 9.) However, "there does not need to be a viable breach of contract claim for the economic loss rule to apply." *Sheen*, 12 Cal. 5th at 933.

cause of action based on these facts. (Opp'n 10.) Chase does not oppose. (*See* Reply 4–5.) As such, and in light of Rule 15(a)'s directive to grant leave to amend "with 'extreme liberality,'" the Court grants Superclinics leave to amend to allege a breach of contract cause of action that is consistent with the allegations in the challenged pleading. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

**D.     Negligence Per Se**

Chase next seeks to dismiss Superclinics's fourth cause of action for negligence per se. (Mot. 10–11.) Chase argues this is not an independent cause of action and that Superclinics fails to allege sufficient facts even if it were. (*Id.*; Reply 5.)

"In California, negligence *per se* is 'a presumption of negligence [that] arises from the violation of a statute . . . enacted to protect a class of persons of which the plaintiff is a member against the type of harm which the plaintiff suffered as a result of the violation of the statute.'" *California v. Kinder Morgan Energy Partners, L.P.*, 569 F. Supp. 2d 1073, 1087 (S.D. Cal. 2008) (quoting *Hoff v. Vacaville Unified Sch. Dist.*, 19 Cal. 4th 925, 938 (1998)). "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence [per se] can be employed." *Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co.*, 62 Cal. App. 4th 1166, 1178 (1998).

Having found that Superclinics's negligence cause of action fails, the negligence per se cause of action necessarily fails as well. Accordingly, the Court dismisses Superclinics's negligence per se cause of action. As this cause of action cannot stand on its own, dismissal is without leave to amend.

**V.     CONCLUSION**

For the reasons discussed above, the Court **GRANTS** Chase's Motion to Dismiss Superclinics's Complaint with leave to amend the first, second, and third causes of action to remedy the deficiencies identified above. (ECF No. 10.)

///

If Superclinics chooses to amend, the First Amended Complaint is due no later than twenty-one days from the date of this Order, in which case Chase shall answer or otherwise respond within fourteen days of the filing.  If Superclinics does not timely amend, the dismissal shall be deemed a dismissal with prejudice as of the lapse of the deadline to amend.

**IT IS SO ORDERED.**

August 4, 2023

                                                 **OTIS D. WRIGHT, II**
                                     **UNITED STATES DISTRICT JUDGE**